## Louis Giachas, Appellee, v. The Cable Company, Appellant.

### Gen. No. 5,937. (Not to be reported in full.)

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 27, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Louis Giachas against The Cable Company for compensation for the loss of an arm under the Act of 1911, since repealed. From a judgment for $1,749.90, in favor of the plaintiff, defendant appeals.

Plaintiff was an unmarried Russian, twenty-three years of age, who had been in the country about three years and employed by the defendant in the same grade of employment for one year, earning wages amounting to $509.95. On January 23, 1913, he sustained an injury arising out of and in the course of his employment, and he was unable to do any work until July 25, 1913. As a direct result of the injury his right arm was amputated two-thirds of the way from the elbow to the wrist. A subsequent amputation was necessary resulting from blood poisoning, and·although it caused much sickness and pain, his general

health was good at the time of the trial, when there was still some soreness in the stump, which promised to become serviceable in from three to six months from the date of the hearing.

Ralph F. Potter, for appellant.

Charles B. Hazlehurst and George D. Carbary, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Workmen's Compensation Act, § 1*—*construction.* Where the trial court *held* at the instance of an employer that there could be no recovery under clause C of the Compensation Act of 1911 (Hurd's R. S. 1913, ch. 48, § 126, J. & A. ¶ 5449), but recovery must be had, if at all, under clauses b and d, the employer cannot, and did not in the case at bar, question that basis of computing damages.

2. Workmen's Compensation Act, § 7*—*effect of offer of employment.* In an action for the loss of an arm under a compensation act, where the claimant is still unemployed but was offered employment by defendant, but not permanent or for any definite period, such an offer pending litigation is not entitled to much weight on the question of probable future earnings.

3. Workmen's Compensation Act, § 8*—*amount of award.* Where under clause d of the Compensation Act of 1911 (Hurd's R. S. 1913, ch. 48, § 126, J. & A. ¶ 5449) the time on which to compute recovery is practically seven and one-half years, the rate is $709.95 a year, the amount to be earned on that basis is $3,824.53, half of which is $1,912.26; a finding of the court for $1,749.90, which was reached by deducting from the sum of $1,912.26, what in the opinion of the court plaintiff would be able to earn in some suitable employment or business after the accident in that period of seven and a half years, and adding to the amount so obtained the sum due under clause b; and whatever defendant might be found liable for on the doctor's bill of $225, stipulated to be reasonable, will not be disturbed by an Appellate Court, as it is peculiarly a case where the judgment of the trial court, who had the man before it, should stand, unless clearly wrong, since the question of probable future earnings leads into the field of conjecture and speculation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. Workmen's Compensation Act, § 7*—*elements of compensation.* Evidence as to pain and suffering of a petitioner for compensation for the loss of an arm, although it probably should have been excluded had it been a jury trial, *held* not prejudicial in a trial to the court.

5. Workmen's Compensation Act, § 8*—*future earning capacity in arriving at award.* In an action under a compensation act for loss of an arm, where the court refused to hear the testimony of one-armed men produced by defendant as to how they had prospered despite the disability, and heard testimony introduced by plaintiff, over objection, to the effect that the loss of an arm is a serious disadvantage in the business world in obtaining employment, *held* not to be erroneous in excluding the first, and if erroneous in admitting the second, it was of no consequence in influencing the court's finding, as what a one-armed man may do is a matter of common knowledge.